## ELLZEY v. KANSAS CITY SOUTHERN RY. CO.*

(Circuit Court of Appeals, Fifth Circuit. March 24, 1926. Rehearing Denied April 20, 1926.)

No. 4555.

1. **Railroads** ⚖=278(3)—**Officer riding on motorcar driven by employee held chargeable with contributory negligence, if excessive speed, causing injury, was brought about by his insistence.**

Deputy marshal, guarding defendant's employee, is chargeable with contributory negligence while riding on motorcar driven by employee, if excessive speed, causing accident, was brought about by insistence of marshal, who willingly incurred the known risk resulting in injury.

2. **Railroads** ⚖=278(3)—**That plaintiff was deputy marshal, guarding employee, may be considered in determining whether he had such control over railway motorcar driven by employee as to make his conduct direct cause of injury.**

That plaintiff was a deputy marshal, guarding defendant's employee during strike, may be considered in determining whether he had such control over railway motorcar driven by em-

*Certiorari denied 46 S. Ct. 638, 70 L. Ed. ——.

ployee as resulted in his conduct being a direct and efficient cause of peril, resulting in injury.

**3. Railroads ⊂⇒282(7).**

Whether deputy marshal, riding in motorcar driven by defendant's employee, directly contributed to injury by insisting on reckless speed, *held* question for jury.

**4. Railroads ⊂⇒278(6)—Failure to use reasonable care to avoid injury after knowledge of plaintiff's negligence in insisting on excessive speed of railway motorcar may be sole proximate cause of injury, not barring right of recovery.**

Though plaintiff was negligent in remaining on motorcar driven by defendant's employee after he knew it was being negligently driven, if employee was aware of such negligence in time to have avoided injury by use of reasonable care, failure to use such care may be sole proximate cause of injury, and plaintiff's negligence be a remote cause, not barring his right of recovery.

**5. Railroads ⊂⇒279.**

Plaintiff's right of recovery is not barred, if his negligence was only remote cause of injury, and railway employee's negligence was sole proximate cause.

**6. Railroads ⊂⇒282(12)—Instruction on contributory negligence of officer riding on railway motorcar held erroneous, where such negligence might be deemed only remote cause of injury.**

Instruction barring right of recovery by plaintiff for his negligence in remaining on motorcar driven by railway employee after he saw it was being negligently driven *held* erroneous, where such negligence might be deemed only remote cause of injury, not barring recovery.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by R. E. Ellzey against the Kansas City Southern Railway Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

Otis W. Bullock, of Shreveport, La., and S. P. Jones, of Marshall, Tex., for plaintiff in error.

J. D. Wilkinson and C. H. Lewis, both of Shreveport, La. (W. Scott Wilkinson and Wilkinson, Lewis & Wilkinson, all of Shreveport, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error, R. E. Ellzey, against the defendant in error, Kansas City Southern Railway Company, to recover damages for personal injuries, and resulted in a judgment in favor of the latter. The parties are herein referred to by their designations in the trial court. At the time the plaintiff was injured he was acting as a United States deputy marshal, and, pursuant to orders of the Attorney General, was engaged as a guard to protect employees of the defendant during the general strike of railway shopmen in the summer of 1922. While so engaged at Leesville, La., a station on defendant's line of railway, he was assigned to guard T. M. Merchant, a telegraph lineman employed by defendant, who was ordered to locate and repair trouble in the telegraph line south of Leesville and north of De Quincy. Merchant and the plaintiff went by train from Leesville to De Quincy. During that trip Merchant did not locate the trouble in the line. At De Quincy Merchant procured a railway motorcar, on which he, accompanied by plaintiff, went north, and located the trouble at a point south of De Ridder. After Merchant had made the required repairs, he and the plaintiff proceeded north on the motorcar, and, after passing De Ridder, the motorcar left the track, with the result that plaintiff was injured.

One of the grounds of negligence relied on by the plaintiff was that the derailment was caused by Merchant negligently operating the motorcar at a dangerously high rate of speed. One of the grounds of defense set up was that plaintiff proximately contributed to his own injury, in that he assumed the control and direction of the motorcar, and influenced and induced Merchant to operate it at an excessive and dangerous rate of speed. The plaintiff complains of the refusal of the court to instruct the jury to find in his favor, and of instructions given by the court to the jury, including the following:

"If you should find that in this case the plaintiff urged, directed, or counseled the driver of the car to run it at a reckless and high rate of speed, and that as a result of such reckless running the car was injured, then that would be contributory negligence which would bar his recovery, or if he saw that the car was being negligently run, in such a manner as with the knowledge that he had before him at the time a man placed in his position must reasonably have known that to continue in the situation he was in was dangerous without protesting or desisting and removing himself from the perilous situation at the earliest possible moment, then that would be an act of omission which would contribute to the injury,

and would in law constitute contributory negligence."

There was evidence to the following effect: Merchant and the plaintiff stopped at Carson, a small station about six miles south of De Ridder. At that place, upon Merchant saying that he "had about enough of that wild riding," plaintiff said: "We will have some more of it, if the damned thing stays on the rail." Merchant then stated he would prefer to leave the motorcar at De Ridder, as they did not have time to go farther ahead of No. 2, a passenger train going north, which plaintiff expected to take for Shreveport. Thereupon plaintiff insisted on going on the motorcar to Leesville, which is north of De Ridder, saying they would make it if the damned thing would stay on the track. Plaintiff told Merchant to go on to Leesville. After some delay at De Ridder plaintiff said to Merchant: "We sure enough will have to run now." When the derailment occurred, the motorcar was being operated by Merchant at a dangerously high rate of speed. There was evidence in conflict with that just summarized.

[1] There was evidence furnishing support for a finding that the peril which resulted in plaintiff's injury would not have been incurred but for his own conduct. In his behalf it was contended that he, being a passenger on defendant's car, was not chargeable with contributory negligence, barring his right to recover, though Merchant's operation of the motorcar at an excessive and dangerous rate of speed was brought about by the urging or insistence of plaintiff, who willingly incurred the known risk which resulted in the injury complained of. That contention is not sustainable. "That one cannot recover damages for an injury to the commission of which he has directly contributed is a rule of established law and a principle of common justice. And it matters not whether that contribution consists in his participation in the direct cause of the injury, or in his omission of duties which, if performed, would have prevented it." Little v. Hackett, 116 U. S. 366, 6 S. Ct. 391, 29 L. Ed. 652.

In that case it was decided that the hirer of a public hack, who gave the driver directions as to the place to which he wished to be conveyed, but exercised no other control over the conduct of the driver, was not chargeable with the driver's negligence in the operation of the conveyance. It was recognized in the opinion in that case that such a hirer might become responsible for the driver's negligence, as by taking actual control of the operation of the vehicle and procuring obedience to his orders or directions as to the manner of driving it. Though Merchant was not legally bound to comply with plaintiff's orders or directions as to the operation of the motorcar, yet if he submitted to plaintiff's control in the matters of the place to which they would go on the car and the speed of its movement, the plaintiff properly may be regarded as directly contributing to the injury resulting from Merchant's compliance with his commands or directions.

[2, 3] The plaintiff's relation to the motorcar and its operator was not that of an ordinary passenger. He was a public official, performing a duty to which he was assigned. That circumstance was proper to be considered in determining whether plaintiff did, or did not, have such actual control as resulted in his conduct being a direct and efficient cause of the peril which resulted in his injury. Under the evidence adduced it was a question for the jury whether the plaintiff did or did not directly contribute to the injury complained of. It follows that the court did not err in refusing to direct a verdict in his favor.

[4] Under the above set out instruction to the jury the plaintiff could not recover, if he voluntarily remained on the car after he saw that it was being negligently run, and a person of ordinary care, situated as he was, would have realized that it was dangerous to remain on the car. Though the plaintiff was negligent in the respect stated, if, as evidence adduced indicated, the defendant's employee was aware of such negligence in time to have avoided the injury by the use of reasonable care, and he failed to use such care, that failure might be found to be the sole proximate cause of the injury, and plaintiff's negligence be deemed a remote cause. Chunn v. City & Suburban Railway, 207 U. S. 302, 28 S. Ct. 63, 52 L. Ed. 219; 10 Corpus Juris, 1107.

[5, 6] The plaintiff's right to recover was not barred, if his negligence was only a remote cause of his injury, and Merchant's negligence was the sole proximate cause of it. The instruction in question was erroneous. Because of that error the judgment is reversed, and the cause is remanded for a new trial.

Reversed.